**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 04-0028-PHX-SRB |
| | ) | CV09-0189-PHX-SRB |
| Plaintiff/Respondent, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Omar Alejandro Urias Leon, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |

On January 30, 2009, Defendant filed a motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence by person in federal custody. The basis for Defendant's motion is his claim that he was denied effective assistance of counsel. Specifically Defendant argues that his trial counsel's advice to plead guilty was unreasonable because counsel failed to adequately investigate the circumstances of the vehicle search which lead to Defendant's indictment. Defendant also claims that his trial counsel failed to adequately advise him thereby precluding him from intelligently participating in the plea negotiations. The Government filed its response in opposition to the motion on May 14, 2009. Thereafter Defendant filed a traverse.

On June 10, 2009, the Magistrate Judge issued his Report and Recommendation concluding that Defendant's valid waiver of his right to collaterally attack his conviction and sentence precluded this 2255 motion. The Magistrate Judge alternatively concluded that the

1  ineffective assistance of counsel claims were without merit.  The Magistrate Judge

2  recommended that the Motion to Vacate, Set Aside, or Correct Sentence be denied and

3  dismissed with prejudice.

4        Defendant filed his objections to the Report and Recommendation on June 18, 2009.

5  In response to the Magistrate Judge's discussion of Defendant's failure to present any

6  evidence or argument that his plea agreement was involuntary or unknowing, Defendant

7  suggests that the sizable advantage of the Government in criminal cases negates any

8  defendant's ability  to knowingly, intelligently and voluntarily accept a plea agreement.

9  Defendant also argues that he could not knowingly enter into a plea agreement because only

10 the Government has the ability to fairly and accurately approximate the guidelines

11 recommended sentence. Defendant also argues that he should only have been held

12 accountable for the 2.08 grams of methamphetamine found in his vehicle rather than the

13 additional quantity found in the home at 6937 W. Melvin Road where he resided.  Defendant

14 requests an evidentiary hearing to determine whether he knowingly, intelligently and

15 voluntarily entered his plea of guilty arguing that the record shows that his lawyer failed to

16 properly perform his duties at the presentence interview depriving Defendant of the right to

17 make a well informed decision.

18        As set out in the Report and Recommendation, this case involved the Court's rejection

19 of the original plea agreement after the Court, counsel and the Defendant had the opportunity

20 to review the presentence report. Defendant subsequently withdrew his guilty plea and

21 entered into a new plea agreement. The new plea agreement stipulated that the drug quantity

22 attributable to him for purposes of his advisory guideline calculation was 1,500 grams or

23 more of methamphetamine. Defendant's second plea agreement was based upon the drug

24 quantity now objected to in Defendant's objections to the Report and Recommendation.

25        After the Defendant entered his first plea agreement and appeared for sentencing the

26 Court rejected the plea agreement and advised the Defendant that for purposes of the

27 guideline calculation he would be held accountable for the more than 2 kilograms of

28 methamphetamine found at the residence where he resided with this girlfriend instead of the

no more than 3 grams of methamphetamine stipulated in the original plea agreement. The Court continued sentencing in order to give the Defendant time to consider whether he wished to withdraw his guilty plea and proceed to trial. The Defendant and his counsel had the presentence report showing the basis upon which the guideline calculation was made. On the continued date of sentencing the Defendant elected to enter into a new plea agreement which specifically provided that the advisory guideline calculation would be based on the higher drug quantity. Defendant cannot now complain that his plea was not knowing, intelligent and voluntary after the two plea colloquies he participated in, his specific assertion that his pleas were knowing, intelligent and voluntary, the explanation to him with respect to how the guideline calculation would be made and the fact that he was in possession of the presentence report and had reviewed it with his counsel before signing and entering into his new plea agreement. The Defendant's objections are overruled.

IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge as the order of this Court. (Doc. 11 in CV09-0189 and doc. 241 in CR04-0028).

IT IS FURTHER ORDERED that Defendant motion under 28 U.S.C. 2255 to vacate, set aside or correct sentence by a person in federal custody is denied and dismissed with prejudice.

DATED this 16th day of July, 2009.

_____
Susan R. Bolton
United States District Judge